ECF #35

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

Duane Makosky and
Diane Makosky,

        Debtor.
-----------------------------------------------------------X
Marc A. Pergament, Chapter 7 Trustee of the Estate
of Duane Makosky and Diane Makosky,

        Plaintiff,

   -against-

David Footman, Regina K. Booker and
NLC of New York, Inc.,

        Defendants.
-----------------------------------------------------------X

Case No.: 804-87972-288

Chapter 7

**MISC. 05 0300**

Adv. Pro. No.: 805-08541-288

**ORDER OF CRIMINAL CONTEMPT**

**SEYBERT, J.**

      The Plaintiff-Trustee having moved on October 11, 2005 for an Order pursuant to 11 U.S.C. Sections 105, 157 and 350 and Rules 5010 and 9020 of the Federal Rules of Bankruptcy Procedure holding David Footman in criminal contempt for willfully failing to comply with this Court's Order, dated September 19, 2005, holding David Footman in contempt for his refusal to appear for his deposition in accordance with Rule 45 of the Federal Rules of Civil Procedure, assessing sanctions and fines against David Footman in the sum of $100.00 a day until he produces the requested documents and appears for his deposition at a time and date convenient to the Plaintiff and directing David Footman to pay the Trustee costs and attorney's fees in the sum of $1,250.00 by October 10, 2005,

      A hearing having been conducted on November 9, 2005 before the Honorable Stan Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court, Long Island

Federal Courthouse, 290 Federal Plaza, Central Islip, New York, 11722, and the Plaintiff-Trustee appeared by Weinberg, Gross & Pergament LLP by Marc A. Pergament, Esq., and no one appeared in opposition to the motion;

After due consideration and on the affirmations submitted by the Plaintiff-Trustee, the exhibits annexed thereto and on the record herein, the Court having made the following findings of fact, each beyond a reasonable doubt:

1. On July 19, 2005, RD Process Service served a subpoena and restraining notice (the "Subpoena") on David Footman in connection with the Plaintiff-Trustee's effort to enforce the Judgment entered against David Footman on June 24, 2005 in the sum of $588,325.00;

2. The Subpoena required David Footman's appearance on July 27, 2005 and the production of documents listed in Schedule A on July 25, 2005;

3. David Footman was found in contempt of Court for his refusal to appear for his deposition in accordance with Rule 45 of the Federal Rules of Civil Procedure.

4. On September 19, 2005, the Court entered a clear and specific order (the "Order"): (a) holding David Footman in contempt for his refusal to appear for his deposition in accordance with Rule 45 of the Federal Rules of Civil Procedure; (b) assessing sanctions and fines against David Footman in the sum of $100.00 a day until he produces the requested documents and appears for his deposition at a time and date convenient to the Plaintiff; (c) directing David Footman to pay the Trustee costs and attorney's fees in the sum of $1,250.00 by October 10, 2005; and (d) for such other and further relief as this Court deems just and proper.

5. On September 19, 2005, my firm served copies of the Order on David Footman by regular and certified mail, return receipt requested to David Footman's at 6

Jefferson Court, Copiague, New York and 18 Bentley Road, Amityville, New York. We were thereafter informed by the post office of David Footman's last known address and on September 29, 2005, my firm served a copy of the Order on David Footman at P.O. Box 471, Amityville, New York 11701-0471 via regular and certified mail, return receipt requested.

6. David Footman knowingly violated the Order by, *inter alia*, failing to: (a) appear for his examination on July 27, 2005; (b) produce any of the documents requested by the Plaintiff-Trustee in the subpoena dated July 25, 2005; and (c) pay the sum of $1,250.00 to the Plaintiff-Trustee;

7. The violation of the Order by David Footman was willful;

8. On August 9, 2005, the Plaintiff-Trustee served upon David Footman via first class mail and certified mail, return receipt requested, and upon the Office of the United States Trustee and Zinker & Herzberg, LLP via first class mail, a notice of motion and affirmation in support for an order, *inter alia*, seeking to hold David Footman in civil contempt;

9. On September 7, 2005, a hearing was conducted before the Honorable Stan Bernstein, United States Bankruptcy Judge, United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, New York, 11722, and the Plaintiff-Trustee appeared by Weinberg, Gross & Pergament LLP by Marc A. Pergament, Esq., and no one appeared in opposition to the motion;

10. David Footman knowingly frustrated the Plaintiff-Trustee's attempts to enforce the Judgment in a manner which was calculated to and did in fact defeat the Plaintiff-Trustee's right to enforce the Judgment;

11. By virtue of the foregoing, it is hereby

ORDERED, that David Footman is found in criminal contempt of Court, and it is further

ORDERED, that this Court's findings of fact and conclusions of law shall be certified to the United States District Court for the Eastern District of New York for the imposition on David Footman of punishment, including incarceration, and it is further

ORDERED, that the Clerk of the Court shall serve a copy of this Order upon David Footman at P.O. Box 471, Amityville, New York 11701-0471, and it is further

ORDERED, that the Plaintiff-Trustee shall arrange for the record in this proceeding to be transmitted on an expedited basis to the United States District Court for the Eastern District of New York for that Court's consideration and review.

Dated: Central Islip, New York
November 29, 2005

*s/ Stan Bernstein*
STAN BERNSTEIN, U.S.B.J.